IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VIOLET GOODWIN,

          Plaintiff,

    v.

TIMOTHY DUNNING, and BURMEISTER, Lieutenant;

          Defendants.

8:16CV458

MEMORANDUM AND ORDER

Before the court is an objection filed by the pro se plaintiff, Filing No. 42, to the magistrate judge's findings and recommendation, Filing No. 41. In addition, plaintiff has filed a motion for summary judgment, Filing No. 44. Plaintiff filed this case pursuant to 42 U.S.C. § 1983. Filing No. 1. The court allowed the case to proceed against the defendant, in his official capacity only, as to the due process claim.

The defendant claims the plaintiff has failed to meaningfully participate in any discovery for the last ten months. Defendant states the following, saying the plaintiff:

> 1. Filed a premature Motion for Summary Judgment that also failed to comply with NECivR 7.1;
> 2. Failed to respond to Defendant's discovery requests in compliance with the Rules of Discovery;
> 3. Filed an Amended Complaint out of time and without leave of the Court;
> 4. Filed an Objection to the Magistrate Judge's Order to Strike that failed to comply with FRCP 72 and NECivR 72.2;
> 5. Failed to obey the Court's Order to provide full and complete discovery responses;
> 6. Failed to obey the Court's Order to participate in a telephone conference that occurred on December 4, 2017;
> 7. Failed to obey the Court's Order to participate in a telephone conference that occurred on December 18, 2017; and
> 8. Filed an Objection to the Magistrate Judge's Findings and Recommendation that failed to comply with FRCP 72(b)(2) and NECivR 72.2.

Brief in opposition, Filing No. 43, at 4-5. In a somewhat similar case, notes defendant, the 8th Circuit stated, "in a case such as this involving public officials and a public body, it becomes important that courts and parties attempt to abide by the principle that litigation proceed to secure a just, speedy, and inexpensive determination." *Lindstedt v. City of Granby,* 238 F.3d 933, 936 (8th Cir. 2000). The *Lindstedt* court also stated:

> We are mindful that Lindstedt proceeded pro se and is a layman, not a lawyer. Here, the discovery requirements put upon him were straightforward and relatively simple. His was an intentional disregard of those requirements and he fashioned his own rule of defense to discovery. A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."

*Id.* at 937.

The magistrate judge issued an order requiring plaintiff complete the discovery by December 1, 2017. Filing No. 37. Plaintiff was likewise ordered to participate in a phone conference on December 4, 2017. Plaintiff did not participate in the conference. On that day she supplemented her responses, but the magistrate judge found them to be totally insufficient. The magistrate judge rescheduled a phone conference for December 18, 2017, and advised the plaintiff that "failure to participate in the telephone conference on December 18, 2017 may result in a recommendation that this action be dismissed without further notice." Filing No. 38. Plaintiff did not participate nor did she contact the court. Consequently, the magistrate judge recommended that this court dismiss plaintiff's case.

The court has carefully reviewed the file. The plaintiff has clearly not complied with orders to progress her case. Even in her appeal of the magistrate's order, plaintiff

2

simply stated "We appeal all of the December 20, 2017, order of the Judge Magistrate Susan Bazis." Filing No. 42. She gave no reasons for her lack of action in this case, nor did she disagree with any of the findings of the magistrate judge. The court finds the magistrate judge is correct in all respects, as plaintiff has failed to pursue her case.

THEREFORE, IT IS ORDERED THAT:

1. The findings and recommendation of the magistrate judge, Filing No. 41, is adopted and affirmed in its entirety;

2. The motion for summary judgment, Filing No. 44, is denied as moot;

3. Plaintiff's objection, Filing No. 42, is denied; and

4. This case is dismissed with prejudice.

5. A judgment will be entered this date.

Dated this 12th day of March, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge